OPINION
PER CURIAM.
Petitioner Mohamed Sanoussi Diallo seeks review of a decision by the Board of Immigration Appeals (“BIA”) rendered on July 25, 2008. For the following reasons, we will deny the petition for review.
I. Background,
Diallo is a native and citizen of Guinea. He entered the United States on a visitor’s visa in July 2004 and applied for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). Diallo claims he suffered past persecution and fears future persecution and torture in Guinea on account of his political opinion and ethnicity. Specifically, Diallo is a member of the “RPG,” Guinea’s political opposition party. He is of Fulani ethnicity, while the ruling party, the “PUP,” is comprised of people of Sous-sou ethnicity. Diallo claims that because of his ethnicity and political affiliation, authorities in Guinea imprisoned him four times, tortured him, and subjected him to inhumane conditions. He claims to fear returning to Guinea because he will be imprisoned for life or executed.
Diallo conceded removability. After a hearing on the merits, the Immigration Judge (“IJ”) issued an oral decision on August 24, 2006. She concluded that Dial-lo was not credible and therefore denied his application. On appeal, the BIA adopted and affirmed the IJ’s decision. The BIA concluded that the IJ’s findings of fact were not clearly erroneous, and that the numerous shortcomings and inconsistencies the IJ had identified were substantial, went to the heart of Diallo’s claims, and were not adequately explained. The BIA also rejected Diallo’s argument that the IJ misapplied the legal standards for credibility and corroboration.
Through counsel, Diallo filed a timely petition for review.[1]
II. Analysis
We generally review only final orders of the BIA. See Li v. Att’y Gen., 400 F.3d *350 157, 162 (3d Cir.2005); Abdulai v. Ashcroft, 239 F.3d 542, 548-49 (3d Cir.2001). However, where the BIA adopts the IJ’s reasoning and discusses some of the bases of the IJ’s decision, we also review the IJ’s order. Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir.2004). We review adverse credibility determinations for substantial evidence. Id. at 221-22. The adverse credibility finding therefore will be affirmed if it is supported by “reasonable, substantial, and probative evidence on the record considered as a whole.” Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir.2002). To reverse, the evidence of Diallo’s credibility must be so strong “that in a civil trial he would be entitled to judgment on the credibility issue as a matter of law.” Chen, 376 F.3d at 222.
A.
We have closely reviewed the adverse credibility determination made by the IJ and affirmed by the BIA, and we conclude that it rests upon substantial evidence. The IJ specifically several serious inconsistencies and implausibilities in the evidence, including:
(1) Diallo provided a letter from an RPG leader to support his asylum application. (See A.R. 419.) It indicated that Diallo requested the letter in February 2000, although Diallo did not arrive in the United States and apply for asylum until 2004. Diallo and his counsel provided differing explanations for the discrepancy and neither explained why, if the letter contained an error, they failed to correct or address it.
(2) Diallo provided a doctor’s letter indicating that he was treated at a government hospital in June 2004. The IJ found this implausible because the hospitalization allegedly occurred immediately after Diallo escaped from a nearby military camp in the same city, where he had allegedly been imprisoned and tortured as a traitor to the government.
(3) Diallo obtained a visa to visit China in May 2004, during the time he was allegedly imprisoned. The IJ found implausible Diallo’s explanation that his business associates obtained the visa on his behalf so he could travel to China on business after his release. In particular, she questioned whether it is possible for a business associate to obtain a visa on behalf of someone else and whether it is logical to obtain a visa for business travel for a political prisoner who is being physically tortured and indefinitely detained.
(4) Diallo testified that he was treated in a hospital for serious injuries relating to his imprisonment from June 9 to June 17, 2004, but he appeared at the American Embassy to obtain a visa on June 15, 2004, and did not seek asylum at that time.
(5) Diallo obtained a Guinean passport in May 2003, despite having been allegedly arrested as a traitor to the government three times before that date.
The IJ concluded that these issues, taken together, “severely diminish [Diallo’s] credibility to the point where the Court finds that respondent’s accounts of his arrests in Guinea and torture and persecution to be incredible.” (A.R. 132, IJ Decision at 32.)
The IJ provided specific, cogent reasons for concluding that the implausibilities and inconsistencies undermined Diallo’s credibility.[2] These issues, particularly concern *351 ing Diallo’s alleged periods of imprisonment in Guinea, clearly go to the “heart” of his claims.[3] See Berishaj v. Ashcroft, 378 F.3d 314, 323 (3d Cir.2004). Although Diallo argues that the IJ should have accepted his “honest explanations” for the identified inconsistencies, Diallo’s proposed alternative interpretations, even if plausible, do not demonstrate that the IJ’s findings of fact are not supported by substantial evidence.
B.
Diallo next argues that the IJ and BIA applied the wrong legal standards to his claims. First, he contends the IJ erred by comparing his oral testimony to his documentary evidence, because his oral testimony was “internally consistent” and, considering his testimony alone, there are no “actual discrepancies.” He claims his documentary evidence could only be considered in the context of whether or not he met the standard for providing corroborating evidence, not in the course of assessing his credibility.
We disagree. The IJ properly considered the record as a whole, including both Diallo’s oral testimony and his proffered documentary evidence, in assessing the overall credibility of his claims. See, e.g., Abdulai, 239 F.3d at 551 n. 6 (a credibility determination may be appropriately based upon “contradictory evidence” and “inherently improbable testimony”). Diallo has offered nothing to convince us otherwise.
Second, in a related argument, Diallo claims that the IJ and BIA erroneously conflated the standards for credibility and corroboration. Diallo is correct that “corroboration and credibility, although intuitively related, are distinct concepts that should be analyzed independently.” Obale v. Att’y Gen., 453 F.3d 151, 163 (3d Cir.2006). In this case, however, the argument is to no avail. As we have already discussed, the IJ and BIA rejected Diallo’s claims based upon his lack of credibility. Diallo has failed to establish that the decision “flowed in substantial part from a lack of sufficient corroboration.”[4] See id.
C.
Finally, Diallo urges us to apply a decision by the Court of Appeals for the Seventh Circuit, Diallo v. Gonzales, 439 F.3d 764, 765-67 (7th Cir.2006). In that case, the IJ failed to make a credibility finding and denied the applicant’s claim based solely upon a lack of corroborating evidence. The Seventh Circuit held that the IJ erred in several respects: by failing to make a credibility finding, by failing to explain why the proposed corroboration would have been reasonable, and by failing to support the factual findings with specific, cogent reasons. See id. at 766. Even apart from the fact that this case is not binding precedent in this jurisdiction, Dial-lo has failed to convince us that the decision is relevant to our consideration of his *352 claims. In this case, the IJ and BIA rejected Diallo’s application based upon his lack of credibility, not because of a failure to provide corroborating evidence.
III. Conclusion
For the foregoing reasons, we will deny the petition for review.

. Diallo did not receive prompt notice of the BIA’s July 25, 2008, decision. Pursuant to a joint motion by Diallo and the Government, the BIA re-issued its decision on April 6, 2009. Diallo then filed his timely petition for review.

. Diallo implies that "implausibilities” are inadequate to support an adverse credibility determination. However, assessment of an *351 applicant’s credibility entails review of factors such as inherent improbability. See Jish-iashvili v. Att’y Gen., 402 F.3d 386, 392-93 (3d Cir.2005).

. Diallo filed his asylum application in 2004. Accordingly, the REAL ID Act, which modified this standard, does not apply to his claims. See 8 U.S.C. § 1158(b)(1)(B).

. We note one minor arguable error in this regard: When the IJ found that Diallo failed to provide a statement from his uncle, an important witness to many of the alleged events, the IJ considered this shortcoming in the context of Diallo's credibility rather than in a separate corroboration analysis. However, as we previously discussed, the IJ found at least five other substantial inconsistencies and implausibilities, which clearly support the adverse credibility determination. Accordingly, this single arguable error is not sufficient to undermine the conclusion that the adverse credibility finding rests upon substantial evidence and did not flow in “substantial part” from a failure to corroborate. See id.